UNITED STATES of America, Appellee,

v.

Melvin FULCHER, Appellant.

No. 91–1288WM.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Aug. 29, 1991.

Larry C. Pace, Kansas City, Mo., for appellant.

Peter M. Ossorio, Kansas City, Mo., argued, for appellee, Linda Parker, Kansas City, Mo., on the brief.

Before FAGG, BOWMAN and LOKEN, Circuit Judges.

PER CURIAM.

Melvin Fulcher appeals his sentence of 151 months imprisonment for attempting to manufacture amphetamine. We affirm.

Fulcher contends the district court committed error in calculating the amount of amphetamine involved in his offense. The district court determined the quantity of amphetamine based on the production capacity of Fulcher's clandestine laboratory. According to a Drug Enforcement Agency (DEA) forensic chemist, using the amount of the least abundant precursor chemical discovered with Fulcher's laboratory, the laboratory was reasonably capable of producing 100.64 kilograms of amphetamine. Combining this production capacity with the 1.49 kilograms of amphetamine found in Fulcher's residence, the district court determined the total quantity of amphetamine for sentencing purposes was 102.13 kilograms. *See* U.S.S.G. § 2D1.4 application note 2.

At sentencing Fulcher testified that because of difficulties he encountered with the manufacturing process, he could have produced no more than eight kilograms of amphetamine with the chemicals recovered from his residence. Fulcher also stated he had abandoned the laboratory and had no intention of producing any more amphetamine. The DEA forensic chemist, however, testified the laboratory was fully operational, successful, and capable of producing large quantities of amphetamine based on the sophistication of the set-up and the amount of precursor chemicals found with the laboratory. This chemist then explained how he calculated the quantity of amphetamine the laboratory was capable of producing.

The district court credited the testimony of the DEA chemist, adopting the chemist's conclusions about the laboratory's production capability. The court then sentenced Fulcher to 151 months imprisonment. The court commented Fulcher was sentenced at the low end of the guidelines range because Fulcher had no prior drug history and the sentence was "not necessarily in-

consistent" with Fulcher's assertion that he had abandoned the laboratory.

On appeal Fulcher cites U.S.S.G. § 2D1.4 application note 1, arguing the district court committed error in failing to exclude amounts he did not intend to produce because he had abandoned the laboratory and, in any event, was not reasonably capable of producing. We disagree. The language in section 2D1.4 application note 1 that Fulcher relies on applies to sentencing determinations for offenses involving negotiations to traffic in a controlled substance—not to sentences for attempting to manufacture a controlled substance when the amount of drugs seized does not reflect the scale of the offense. In our view, the district court properly applied application note 2 by calculating the quantity of amphetamine that Fulcher's laboratory could have produced. *See United States v. Evans*, 891 F.2d 686, 687–88 (8th Cir.1989) (court properly calculated production capacity based on chemicals seized), *cert. denied*, —— U.S. ——, 110 S.Ct. 2170, 109 L.Ed.2d 499 (1990); *United States v. Wagner*, 884 F.2d 1090, 1097–98 (8th Cir.1989) (court adopted expert chemist's testimony regarding laboratory's production capacity, rejecting defendants' argument that lower quantity was more reasonable given their inexperience), *cert. denied*, —— U.S. ——, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990).

Fulcher pleaded guilty to an attempt to manufacture amphetamine. That Fulcher may have abandoned his efforts to manufacture the drug neither affected his laboratory's production capacity nor altered the fact that when he set up the laboratory he intended to produce a large quantity of amphetamine. Thus, the district court properly considered the production capacity of Fulcher's laboratory when calculating the total quantity of amphetamine involved.

Accordingly, we affirm Fulcher's sentence.