**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Boyce B. BRANNON, Defendant–Appellant.**

No. 93–5055.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 27, 1993.

Decided Oct. 15, 1993.

Gary Humble, Asst. U.S. Atty. (argued and briefed), Chattanooga, TN, for plaintiff-appellee.

Stephen T. Greer (argued and briefed), Dunlap, TN, Howard Upchurch (argued), Upchurch & Upchurch, Pikeville, TN, for defendant-appellant.

Before: MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.

MILBURN, Circuit Judge.

Defendant Boyce "Bobo" Brannon appeals the sentence imposed by the district court following his jury conviction of one count of conspiracy to manufacture approximately 200 pounds of methamphetamine hydrochloride in violation of 21 U.S.C. § 846. On appeal, the issues are (1) whether the district court's decision to sentence defendant on the basis of 200 pounds of methamphetamine was clearly erroneous, (2) whether the district court erred in concluding that the notice requirements under 21 U.S.C. § 851(a)(1) are inapplicable in cases where a defendant is sentenced pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "Guide-

lines"), and (3) whether the district court erred in failing to depart from the Guidelines range in light of defendant's age and alleged overrepresentation of his criminal history. For the reasons that follow, we affirm.

## I.

Defendant and two others were charged in a one-count superseding indictment filed in the Eastern District of Tennessee on June 10, 1991. The sole count charged defendant and the two others with conspiracy to manufacture approximately 200 pounds of methamphetamine hydrochloride, a schedule II narcotic controlled substance, in violation of 21 U.S.C. § 846. On September 13, 1991, defendant was found guilty by a jury of the offense charged.

A sentencing hearing was held on December 9, 1991. Because there was no seizure of the substance charged in the offense, the district court was required to approximate the quantity of the controlled substance in order to calculate the appropriate base offense level under the Guidelines. Relying upon testimony at trial of a co-conspirator who testified that he along with another co-conspirator and defendant intended to manufacture 200 pounds of methamphetamine, that he expended approximately $80,000 in an effort to manufacture the methamphetamine, and the testimony of a government expert witness who testified generally as to the large scale of the operation conducted by defendant and the co-conspirators, the district court concluded that defendant's base offense level was to be calculated on the basis of 200 pounds of methamphetamine. After having also found that defendant's criminal history category was Category VI, the district court sentenced defendant to three hundred sixty months in prison and a supervised release term of ten years.

On appeal, a panel of this court affirmed defendant's conviction but remanded for a new sentencing hearing. *United States v. Brannon,* 974 F.2d 1339 (6th Cir.1992) (unpublished). Noting that the evidence failed to reveal the specific capacity of the laboratory that was to be used to manufacture the methamphetamine, the panel concluded that the district court lacked a sufficient basis for sentencing defendant on the basis of 200 pounds of methamphetamine.

At the new sentencing hearing conducted on December 22, 1992, the district court addressed three issues relevant to this appeal: the quantity of controlled substance for which defendant was to be held accountable; whether the notice requirement under 21 U.S.C. § 851(a)(1) is applicable where a defendant is sentenced pursuant to the Guidelines; and whether a downward departure from the Guidelines range would be appropriate based upon, among other things, defendant's age. As to the issue on the quantity of controlled substance, the district court heard testimony of one witness, a special agent employed by the Drug Enforcement Administration ("DEA"), who testified that defendant admitted shortly after his arrest that he and two others had manufactured approximately 70 pounds of methamphetamine during the winter of 1990. The district court also admitted into evidence two affidavits. The first affidavit contained the statements of a forensic chemist employed by the DEA who had assisted in the investigation of the offense at issue in this case. In that affidavit, the chemist averred that based upon both the recipes for the synthesis of, among other things, methamphetamine and the amount of glassware found among the collected evidence, the laboratory used by defendant was capable of producing 200 pounds of methamphetamine provided that the necessary chemicals could be obtained. The chemist also stated that based upon the 27.4 liters of acetic anhydride found near the laboratory, the laboratory was capable of producing 38.9 kg of phenyl–2–propanone, which could have been used to make 43.2 kg of methamphetamine. The second affidavit admitted by the district court was submitted by the defendant and contained the statements of a chemistry instructor at Emory University in Atlanta, Georgia. According to that affidavit, the laboratory only had a "reasonable capability of producing ... 108.9 g of methamphetamine (pure) but no more than 8 oz 'street ready.'" J.A. 182.

The district court made alternative findings as to the quantity of the controlled substance at issue in this case. The district

court first concluded that defendant and the co-conspirators manufactured 70 pounds of methamphetamine sometime in the winter of 1990 or 1991, which was during the relevant period of the conspiracy charged, and that such an amount supported a base offense level of 38. The district court in the alternative concluded that the laboratory used by defendant and the co-conspirators had the capability of manufacturing 200 pounds of methamphetamine. The district court based this finding on the affidavit of the DEA chemist and its previous finding that defendant manufactured 70 pounds of methamphetamine, which the district court deemed admissible to show relevant conduct. Determining that the capability of the laboratory could be used to ascertain the applicable quantity of the controlled substance, the district court concluded that the 200 pound amount also supported a base offense level of 38.

Apart from deciding the relevant quantity of controlled substance, the district court also considered whether defendant was a career offender under U.S.S.G. § 4B1.1. The parties did not dispute that the elements of the career offender provision were met: that defendant was at least 18 years old at the time the conspiracy offense occurred; that the conviction in this case was a felony that was a controlled substance offense; and that defendant had at least two prior felony convictions, one of which was a crime of violence and one of which was a controlled substance offense. U.S.S.G. § 4B1.1. The parties did contest, however, whether the notice requirements of 21 U.S.C. § 851(a)(1) apply to sentence enhancement under U.S.S.G. § 4B1.1. Relying on *United States v. Meyers,* 952 F.2d 914 (6th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992), the district court concluded that, unlike situations where a statutory sentence is enhanced as a result of prior convictions, the notice requirements of 21 U.S.C. § 851(a)(1) are not required when a sentence under the Guidelines is enhanced due to prior convictions. Accordingly, the district court concluded that although the prosecution did not satisfy the notice requirements of 21 U.S.C. § 851(a)(1), that fact was irrelevant. Consequently, the district court determined that defendant was a career offender under U.S.S.G. § 4B1.1.

The district court finally considered whether to depart downward from the Guidelines range in light of factors which included defendant's age. The court noted that U.S.S.G. § 5H1.1 states that age is generally irrelevant in determining whether a sentence should be outside the applicable Guidelines range and that age may be a reason to depart downward where a defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient and less costly than incarceration. Finding that none of these factors existed in this case and that under the facts of this case the applicable sentence under the Guidelines was appropriate, the district court concluded that a downward departure was not warranted. The district court then sentenced defendant to a prison term of 360 months and a supervised release term of ten years. This timely appeal followed.

## II.

In reviewing a defendant's appeal of an application of the Guidelines pursuant to 18 U.S.C. § 3742(a),

> [t]he court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

18 U.S.C. § 3742(e).

### A.

■ Defendant argues that the evidence relied upon by the district court was insufficient to support the conclusion that for purposes of sentencing the applicable quantity of methamphetamine involved in the conspiracy was 200 pounds. Defendant argues that in determining the quantity of the controlled substance, the district court should err on the side of caution and that in this case he should be held accountable for no more than eight ounces of methamphetamine. On the other hand, the government contends that

the evidence supports the determination of the district court.

■■■ The decision of a district court as to the quantity of controlled substance for which a defendant is to be held accountable is a finding of fact, and, therefore, we must accept those findings unless they are clearly erroneous. *United States v. Warner*, 971 F.2d 1189, 1200 (6th Cir.1992). The Guidelines prohibit a district court from holding a defendant accountable "for a specific quantity of drugs unless the court can conclude the defendant is more likely than not *actually* responsible for a quantity greater than or equal to the quantity for which the defendant is being held responsible." *United States v. Davis*, 981 F.2d 906, 911 (6th Cir.1992) (quoting *United States v. Walton*, 908 F.2d 1289, 1302 (6th Cir.), *cert. denied*, 498 U.S. 990, 111 S.Ct. 532, 112 L.Ed.2d 542 (1990)), *cert. denied*, —— U.S. ——, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993). However, in certain circumstances, the district court need not ascertain the quantity with exact certainty. Rather, where, as here, no controlled substance was seized, the district court is required to approximate the quantity of the controlled substance in order to assess the applicable base offense level. U.S.S.G. § 2D1.1, comment. (n. 12) (1992). In making this approximation, the district court may consider, among other things, the size or capability of any laboratory involved. *Id.* A district court's finding will not be deemed clearly erroneous if the approximation is supported by competent evidence in the record. *See, e.g., United States v. Beshore*, 961 F.2d 1380, 1383 (8th Cir.) (court entitled to approximate amount that laboratory could have produced based upon quantity of precursor chemicals, size of laboratory, and recipes to "cook" methamphetamine seized), *cert. denied*, —— U.S. ——, 113 S.Ct. 241, 121 L.Ed.2d 175 (1992); *United States v. Short*, 947 F.2d 1445, 1456–57 (10th Cir.1991) (court entitled to approximate amount that laboratory could have produced based upon testimony of DEA chemist and characteristics of laboratory equipment seized), *cert. denied*, —— U.S. ——, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992);

*United States v. Fulcher*, 943 F.2d 824, 825 (8th Cir.1991) (per curiam) (court entitled to approximate amount that laboratory could have produced based upon, among other things, testimony of DEA chemist).

In finding that the quantity of methamphetamine in this case totalled 200 pounds, the district court relied upon the affidavit of the DEA chemist introduced at the new sentencing hearing. In that affidavit, the DEA chemist stated that "[b]ased on the recipes found (Government Exhibit # 3, copies attached) and the glassware [the] laboratory [used as part of the conspiracy scheme] was capable of producing 200 lbs. of Methamphetamine provided that they could obtain the necessary chemicals." J.A. 179. The DEA chemist also testified that "[b]ased on the 27.4 liters of Acetic Anhydride found in the truck, this laboratory was capable of producing 38.9 kg of Phenyl–2–propanone.... Phenyl–2–propanone can be used to make either 43.2 kg of Methamphetamine or 39.2 kg of Amphetamine. This could be easily accomplished with the size of the glassware and stainless steel pots found in the truck." *Id.* Defendant asserts that the statements of the DEA chemist are unreliable because the statements the chemist made in the affidavit and the statements the chemist made at trial are conflicting. Defendant specifically notes that at trial the chemist testified that no acetic anhydride, an ingredient used in the production of controlled substances, was found in the laboratory, and in the affidavit the chemist stated that a certain quantity of acetic anhydride was found. We must defer to the district court, however, in its assessment of the credibility of the witnesses and will not overturn its determination absent clear error. The district court stated at the sentencing hearing that the chemist was mistaken when it was stated that no acetic anhydride was found. The district court also found that the DEA chemist's statement that acetic anhydride was located nearby the laboratory was credible. Thus, we hold that the district court's calculation of the quantity of methamphetamine for which defendant is to be held accountable is not clearly erroneous.[1]

---

1. Additionally, the district court's conclusion that defendant and his co-conspirators manufactured

70 pounds of methamphetamine is not clearly erroneous. Under the Guidelines that quantity

Moreover, we conclude that the defendant's reliance on *United States v. Richardson*, 939 F.2d 135 (4th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 942, 117 L.Ed.2d 112 (1992), and *United States v. Perrone*, 936 F.2d 1403 (2d Cir.), *clarified*, 949 F.2d 36 (2d Cir.1991), is misplaced. In those cases, the courts of appeals concluded that the evidence presented was insufficient to support the district court's findings of the applicable quantity of controlled substances. The facts in this case are distinguishable, however, because in both *Richardson* and *Perrone* credible evidence was not introduced as to the specific quantity the defendants were capable of producing.

**B.**

■ Defendant argues that before he can be considered a career offender, the government is required under 21 U.S.C. § 851(a)(1) to file with the district court and serve him a written information which lists his prior convictions. Because the prosecution failed to satisfy the procedural requirements of 21 U.S.C. § 851(a)(1), defendant argues that the district court erred in concluding that he was a career offender pursuant to U.S.S.G. § 4B1.1. However, at oral argument counsel for defendant withdrew this argument based upon this court's opinion in *United States v. Mans*, 999 F.2d 966, 969 (6th Cir.1993), in which we held that the procedural requirements of 21 U.S.C. § 851(a)(1) "apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines." The prior convictions in *Mans*, as in this case, included controlled substance offenses. Because defendant's sentence was enhanced under U.S.S.G. § 4B1.1, the notice requirements of 21 U.S.C. § 851(a)(1) are inapplicable. This court's

holding in *Mans* is consistent with the holdings in nine other circuits. *See United States v. Day*, 969 F.2d 39, 48 (3d Cir.1992); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir.1992); *Young v. United States*, 936 F.2d 533, 535–36 (11th Cir.1991); *United States v. Whitaker*, 938 F.2d 1551, 1552 (2d Cir.1991) (per curiam), *cert. denied*, —— U.S. ——, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992); *United States v. Novey*, 922 F.2d 624, 627–29 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991); *United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir.1990), *cert. denied*, 499 U.S. 911, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991); *United States v. Sanchez*, 917 F.2d 607, 616 (1st Cir.1990), *cert. denied*, 499 U.S. 977, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991); *United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir.1990), *cert. denied*, 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *United States v. Wallace*, 895 F.2d 487, 490 (8th Cir.1990).[2]

**C.**

Defendant argues that the district court erred in failing to depart downward in light of his age and the alleged overrepresentation of his criminal history. He notes that under § 4A1.3, the sentencing court may depart from the Guidelines if it finds that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. Defendant argues that the district court failed to exercise its discretion under § 4A1.3 by not considering the likelihood "of recidivism of ... defendant[.]" Appellant's Brief 20.

■ A district court's failure to depart from the Guidelines range is not cognizable

alone supports a base offense level of 38. Given that base offense level and the career offender status of defendant, the district court did not err in imposing a 360–month sentence.

2. In his reply brief, defendant sets forth two additional arguments to support his position that he should not be sentenced as a career offender. Relying on *United States v. Price*, 990 F.2d 1367 (D.C.Cir.1993), defendant first argues the offense of conspiracy to commit a drug offense cannot be a triggering offense under § 4B1.1. Defendant also argues that based on the rationale in *United*

*States v. Spencer*, 817 F.Supp. 176 (D.D.C.1993) (declined to follow by *United States v. Garza*, 999 F.2d 1048 (6th Cir.1993)), the application of the career offender provisions in this case "violates due process, the *Eighth Amendment to United States Constitution and Article III to the United States Constitution.*" Appellant's Reply Brief 1–2 (emphasis in the original). Because these arguments were raised for the first time in the reply brief, we will not address them. *United States v. Jerkins*, 871 F.2d 598, 602 n. 3 (6th Cir.1989).

on appeal under 18 U.S.C. § 3742(a) when the district court properly computes the Guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the Guidelines range, and is not unaware that it had discretion to depart from the Guidelines range. *United States v. Davis,* 919 F.2d 1181, 1187 (6th Cir.1990). In this case the district court neither erred in computing the Guidelines range nor erred in imposing the sentence. Furthermore, the district court was aware of its discretion to depart downward, stating as follows:

> So, that leads us on to the final point made by the Defendant here that this should be a downward departure. I think basically the Defendant is saying that all of this overrepresents the Defendant's criminal history.... But I do not feel free based upon what I consider to be the facts in this case to set any other sentence than that provided. for by the guidelines.

J.A. 166–67. Accordingly, we will not disturb the conclusion of the district court in this respect.

### III.

For the reasons stated, the district court's judgment of sentence is AFFIRMED.