25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Horton REMKE, Defendant-Appellant.
 No. 93-5997.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Patrick Horton Remke appeals his sentence on convictions for misappropriating bank funds, arguing that the district court erroneously determined that it lacked authority to depart downward. We affirm.
 
 I.
 
 2
 On November 30, 1992, Remke pled guilty to three counts of misappropriating bank funds, in violation of 18 U.S.C. Sec. 656. At the sentencing hearing, Remke opposed imposition of a two-level upward adjustment for abuse of a position of trust and argued that he was entitled to a downward departure. However, the district court found that Remke was in a position of trust and that the Sentencing Guidelines required it to sentence Remke accordingly. The district court further sentenced Remke to twelve months incarceration, the low end of the applicable guideline range. Remke subsequently asked the district court if it had determined that it lacked authority to depart downward or simply found that he was not entitled to a departure. The district court replied by stating "that the guidelines are pretty clear about this, and that [it did not] have any discretion about it."
 
 
 3
 After listening to the foregoing colloquy, the government requested clarification, noting the likelihood of reversal where a district court does not recognize it has discretion to depart downward. The district court again noted that the guidelines required consideration of Remke's position of trust and concluded that he did not qualify for a departure on the facts presented. The district court further stated that it could not "do anything about it."
 
 
 4
 Remke later filed a motion for clarification asking the district court if it found that lacked authority to depart. The district court's May 26, 1993, response acknowledged the authority to depart but stated that there was "no factual basis upon which to impose a judgment less than ... twelve months." Still later, in a July 16, 1993, order denying Remke's motion for release pending appeal, the court discussed the May 26 order, stating that it had determined that it had "legal authority to grant a downward departure from the sentencing guidelines" but simply refused to do so.
 
 II.
 
 5
 Remke argues that the district court could have departed downward on the basis of his "exemplary community service" or his "extraordinary acceptance of responsibility" and that it erroneously determined that it lacked authority to depart. "[T]he decision whether to depart [from a guideline range] rests exclusively with the sentencing court" and is reviewable "only when the appellate court is convinced that the sentencing court has misapprehended its authority." United States v. Moored, 997 F.2d 139, 146 (6th Cir.1993); see also United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993). The district court did not misapprehend its authority to depart under the Sentencing Guidelines but, instead, explicitly acknowledged this authority. Moreover, the July 16 order cited Moored, a case in which a district court was found to have understood its authority. The citation to Moored indicates that the district court thought Remke's case was analogous. Therefore, the district court's refusal to depart is not reviewable. Moored, 997 F.2d at 146.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation