59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel AUSTIN, Defendant-Appellant.
 No. 94-1862.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 1
 Before: MERRITT, Chief Judge; MARTIN, Circuit Judge, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Daniel Austin, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to escape from custody in violation of 18 U.S.C. Sec. 751(a). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 Austin and a codefendant were charged with escape after they spent the day with their girlfriends instead of at their work detail outside the secure perimeters of the Federal Correctional Institution at Milan, Michigan (FCI-Milan). The two planned to return to the site of their work detail shortly before they were due to be back inside the prison. Unfortunately, their absence had been discovered earlier in the day. Thus, when they neared FCI-Milan, they found prison guards already searching for them; they panicked and drove away from the prison. They were apprehended after the car in which they were riding was stopped on the way to Cleveland, Ohio. Austin pleaded guilty and the district court sentenced him on July 14, 1994, to 24 months in prison and two years of supervised release.
 
 
 4
 On appeal, Austin argues that the district court: (1) should have granted him a reduction under USSG Sec. 2P1.1(b)(3) for escaping from non-secure custody, and (2) should have departed downward due to mitigating factors not taken into account by the Sentencing Commission.
 
 
 5
 Upon review, we affirm the district court's judgment because that court did not err in denying the reduction for escape from non-secure custody and its refusal to depart downward is not appealable.
 
 
 6
 Austin first argues that the district court should have granted him a four-level decrease in offense level under USSG Sec. 2P1.1(b)(3). This court applies a clearly erroneous standard of review to the district court's findings of fact which underlie the application of a guideline. United States v. Smith, 39 F.3d 119, 122 (6th Cir. 1994). However, the court renders de novo review of the district court's legal conclusion as to whether the facts warrant application of a particular guideline. Id.
 
 
 7
 In this case, there is no dispute as to the facts, only to whether those facts warrant application of the guideline. Section 2P1.1(b)(3) provides in pertinent part:
 
 
 8
 If the defendant escaped from the non-secure custody of a community corrections center, community treatment center, "halfway house," or similar facility, ... decrease the offense level under subsection (a)(1) by 4 levels....
 
 
 9
 "Non-secure custody" is defined in Application Note 1 as:
 
 
 10
 [C]ustody with no significant physical restraint (e.g., where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier).
 
 
 11
 (Emphasis added).
 
 
 12
 Austin argues that the emphasized section of the commentary places his offense squarely within the scope of subsection (b)(3) and that he is, therefore, entitled to the four-level reduction. However, this subsection of the Sentencing Guidelines has been uniformly interpreted by the circuit courts of appeals as requiring a finding of both non-secure custody and escape from an institution similar to a community corrections center, community treatment center, or halfway house. See United States v. Sarno, 24 F.3d 618, 623 & n.4 (4th Cir. 1994) (collecting cases from the Third, Fifth, Ninth, Tenth, and Eleventh Circuits). Austin does not even attempt to claim that FCI-Milan is similar to a halfway house. Therefore, the district court did not err by not applying the reduction.
 
 
 13
 Austin next argues that the district court should have departed downward because of mitigating circumstances not taken into account by USSG Sec. 2P1.1(b)(2). Austin maintains that his intent to return to prison when his gate pass was up, even though he did not actually return, is a mitigating circumstance not taken into account by the guidelines that warrants a downward departure.
 
 
 14
 A court is never required to depart downward. United States v. Pickett, 941 F.2d 411, 417 (6th Cir. 1991). The sentencing court's decision not to depart downward is reviewable only if the court incorrectly believed that it could not consider the defendant's mitigating circumstances or was unaware of its discretion to depart from the applicable guideline range. United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S. Ct. 149 (1994); United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir. 1993). However, the record in this case clearly reflects that the district court was aware of its discretion to depart downward; it simply felt that the facts in this case did not support the proposition that Austin intended to return to the facility. Thus, the district court's decision on this issue is not reviewable.
 
 
 15
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation