64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kimlyn D. TEAGUE, Defendant-Appellant.
 No. 94-3763.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 Before: CONTIE, RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kimlyn D. Teague challenges the district court's determination that he be held accountable for possessing, with intent to distribute, 67.14 grams of cocaine base. We affirm.
 
 I.
 
 2
 On September 29, 1993, the Cleveland police executed a search warrant at 10701 "C" Woodland Avenue in Cleveland, Ohio. According to the lease, LaVoner Battle resided at 10701 "C" Woodland Avenue with her children and her boyfriend, Tyrez Teague. At the time of the search, Tyrez Teague and Battle were on probation for previous drug-trafficking activities.
 
 
 3
 Shavett Thomas, Battle and Tyrez Teague's brother, defendant-appellant Kimlyn D. Teague, were present when the search warrant was executed. The search revealed that Kimlyn Teague was carrying 5.78 grams of cocaine base, $274 cash, and a pager. An additional 61.36 grams of cocaine base and $1220 cash were discovered in a black and red nylon bag in the living room closet. The police also found a Davis .38 caliber pistol, a Ruger .44 caliber revolver, 2 digital scales, $1195 cash, and 700.52 grams of marijuana during the search. Kimlyn Teague admitted that the black and red nylon bag was his; Battle confirmed this.
 
 
 4
 Kimlyn Teague entered into a Rule 11 plea agreement with the United States on March 31, 1994, wherein he agreed to plead guilty, and the government agreed not to oppose a two-level reduction for acceptance of responsibility. Moreover, the government agreed not to seek an increase under U.S.S.G. Sec. 2D1.1(b)1, possession of a dangerous weapon.
 
 
 5
 On July 12, 1994, the district court held a sentencing hearing to determine the appropriate quantity of cocaine base that Kimlyn Teague should be held accountable for. Though Teague admitted that he told the police executing the search warrant that the crack cocaine in the nylon bag was his, Teague claimed, at his sentencing hearing, that he lied to the police to protect his younger brother, Tyrez, from further trouble. The district court rejected Teague's self-serving explanation and sentenced him for the crack cocaine discovered in his pocket and in the black and red nylon bag. Specifically, the district court sentenced Kimlyn Teague to 120 months imprisonment (the statutory minimum)[1] and imposed a 5-year term of supervised release.[2] Teague timely appealed.
 
 II.
 
 6
 Following the sentencing hearing, the district court determined that Kimlyn Teague should be held accountable for possessing with intent to distribute 67.14 grams of cocaine base. Accordingly, the district court sentenced Teague to 120 months imprisonment, the statutory minimum. We must determine whether the district court erred in calculating the quantity of drugs by including the cocaine base found in the closet of the residence that Kimlyn Teague was visiting.
 
 
 7
 The clearly erroneous standard of review applies to a district court's determination of the quantity of drugs attributable to a defendant for sentencing purposes. United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 989 (1990). The government has the burden of proving the quantity of drugs attributable to a defendant by a preponderance of the evidence. Id. at 1302.
 
 
 8
 In United States v. Meacham, 27 F.3d 214 (6th Cir.1994), this court held that sentencing courts must " 'err on the side of caution' and only hold the defendant responsible for that quantity of drugs for which 'the defendant is more likely than not actually responsible.' " Id. at 216 (citations omitted) (emphasis in original). A sentencing court's quantity of drugs determination is not clearly erroneous if supported by "competent evidence in the record." United States v. Brannon, 7 F.3d 516, 520 (6th Cir.1993).
 
 
 9
 Kimlyn Teague told the police that the crack cocaine in the nylon bag was his; Lavoner Battle confirmed this. Moreover, Teague admitted that he intended to sell the crack cocaine that he was carrying at the time of his arrest. We therefore conclude that Teague and Battle had knowledge of, and access to, the crack cocaine found in the nylon bag in furtherance of their drug trafficking activities.
 
 
 10
 Accordingly, we AFFIRM.
 
 
 
 [1]
 Pursuant to 21 U.S.C. Sec. 841(b)(1)(A)
 
 
 [2]
 Teague's offense level (30) and criminal history category (I) resulted in an imprisonment range of 97-121 months. Because Teague faced a statutory minimum 10-year sentence, the district court sentenced Teague to 120 months imprisonment