89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee ROGERS, Defendant-Appellant.
 No. 95-5769.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1996.
 
 BEFORE: CONTIE, BATCHELDER, and MOORE, Circuit Judges
 PER CURIAM.
 
 
 1
 David Lee Rogers challenges the district court's quantity of cocaine determination. We affirm.
 
 I.
 
 2
 In 1993, law enforcement agents learned that individuals associated with the "Cars-R-Us" automobile dealership in Nashville, Tennessee, were distributing cocaine. The subsequent investigation revealed that: Carlos Francisco Mendieta purchased eleven kilograms of cocaine in Florida; Dennis Daraye Jones drove the car with the hidden cocaine back to Nashville; Mendieta and defendant-appellant David Lee Rogers agreed to split the expenses associated with transporting the cocaine from Florida to Nashville; and, five of the kilograms were to be delivered to defendant-appellant Rogers.[1]
 
 
 3
 On March 30, 1994, the grand jury returned a four-count indictment against Mendieta, Jones, Rogers, William Raymond Scales, Uchendi Obidike Nwani, Ebonne Onyediogo Nwani, and Bernard Brown, Jr. Count One of the indictment charged all defendants with conspiracy to distribute cocaine from on or about October 5, 1993, through on or about October 12, 1993. Count Two of the indictment charged all defendants with knowingly and intentionally possessing cocaine with intent to distribute on or about October 12, 1993.[2] Count Four of the indictment charged all defendants with unlawfully carrying a firearm during the commission of a felony.
 
 
 4
 On February 6, 1995, Rogers pled guilty to Count One of the indictment; Counts Two and Four were dismissed. On May 15, 1995, the district court sentenced Rogers to 96 months imprisonment to be followed by a five-year term of supervised release.[3] On May 25, 1995, Rogers filed his timely notice of appeal. On appeal, Rogers challenges the district court's quantity of cocaine determination.
 
 II.
 
 5
 We review the district court's quantity of cocaine determination for clear error. United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 906, 989, 990 (1990). Though the court's finding must have "some minimal indicium of reliability beyond mere allegation," United States v. Smith, 887 F.2d 104, 108 (6th Cir.1989) (citations omitted), an approximation by a court is not clearly erroneous if supported by competent evidence in the record. United States v. Brannon, 7 F.3d 516, 520 (6th Cir.1993).
 
 
 6
 Though Rogers asserts that he is personally responsible for trafficking no more than three kilograms of cocaine, Rogers concedes that his coconspirators transported more than eleven kilograms of cocaine from Florida to Nashville. "[T]he sentencing judge, not the jury, has the prerogative to make a determination of the quantity of drugs involved in the scheme and to sentence accordingly." United States v. Moreno, 899 F.2d 465, 473 (6th Cir.1990). "A defendant who challenges the sentencing court's drug quantity determination naturally faces 'a difficult burden' on appeal." United States v. Simmons, 964 F.2d 763, 773 (8th Cir.) (citation omitted), cert. denied, 506 U.S. 1011 (1992). "We reverse only if the entire record leaves us with 'the definite and firm conviction that a mistake has been committed.' " Id. (citations omitted).
 
 
 7
 "[A] defendant may be sentenced based upon quantities of drugs attributable to other members of a conspiracy, provided the district court finds that those quantities were known to defendant or were reasonably foreseeable to him." United States v. Moss, 9 F.3d 543, 552 (6th Cir.1993) (citation omitted). "Reasonable foreseeability refers to the scope of the agreement that [the defendant] entered into when he joined the conspiracy, not merely to the drugs he may have known about." United States v. Flores, 5 F.3d 1070, 1083 (7th Cir.1993) (citation omitted), cert. denied, 114 S.Ct. 884 (1994).
 
 
 8
 Pursuant to U.S.S.G. § 2D1.1, a defendant convicted of trafficking between five and fifteen kilograms of cocaine faces a base offense level of 32. Though Rogers asserts that he is responsible for trafficking only three kilograms of cocaine (the amount that he purportedly agreed to take from Jones for resale), the district court properly determined that Rogers was responsible for trafficking, at a minimum, five kilograms of cocaine, the quantity that Rogers ultimately agreed to accept, and as much as eleven kilograms, the quantity attributable to his coconspirators, because his coconspirators' actions were reasonably foreseeable.
 
 
 9
 According, we AFFIRM.
 
 
 
 [1]
 Though Rogers asserts that he wanted only three kilograms of cocaine, the appellate record reveals that Rogers ultimately agreed to accept five kilograms, the quantity that he had originally demanded. See Joint Appendix at 118 (transcript of intercepted October 8, 1993 telephone conversation wherein Rogers told Mendieta that he would take "the five" and would pay Jones the $3,500)
 
 
 [2]
 Count Three of the indictment charged Ebonne Onyediogo Nwani only
 
 
 [3]
 Rogers' sentencing guideline range (offense level 29; criminal history category I) was 87 to 108 months