89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Clement WILLETT, Defendant-Appellant.
 No. 95-5308.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; DUGGAN, District Judge.*
 
 ORDER
 
 2
 Charles Clement Willett appeals a district court judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Willett pleaded guilty to one count of aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(d) and 2 and one count of misprision of a felony in violation of 18 U.S.C. § 4. The district court sentenced Willett to 92 months of imprisonment and five years of supervised release and imposed a $100 special assessment. In this timely appeal, Willett's counsel has filed a motion to withdraw her representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she argues that: 1) the district court improperly applied a two point enhancement for reckless endangerment during flight pursuant to USSG § 3C1.2; 2) the district court improperly applied a three point enhancement under USSG § 2B3.1(b)(2)(E); and 3) the district court should have departed downward in sentencing Willett. Willett has filed a response to his counsel's motion to withdraw, in which he argues that: 4) the district court did not comply with Fed.R.Crim.P. 11(f) in accepting his guilty plea for the bank robbery conviction; and 5) the district court incorrectly concluded that it did not have the discretion to depart downward.
 
 
 4
 Upon review, we conclude that Willett's arguments are without merit. The district court properly applied USSG § 3C1.2 because Willett engaged in a high speed chase while attempting to elude police. See United States v. Gonzalez, 71 F.3d 819, 836-37 (11th Cir.1996); United States v. Woody, 55 F.3d 1257, 1274 (7th Cir.), cert. denied, 116 S.Ct. 234 (1995). The use of a toy gun by Willett's co-defendant justified the § 2B3.1(b)(2)(E) enhancement. United States v. Woodard, 24 F.3d 872, 873-74 (6th Cir.1994). Willett's argument that the district court should have departed downward in sentencing him is a non-appealable issue, United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993), because the record does not contain any ambiguous statements by the court concerning its discretion to depart. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). The district court complied with the requirements of Fed.R.Crim.P. 11(f) because a factual basis existed to support Willett's guilty plea. Lastly, the court has carefully examined the record in this case, including the transcripts of Willett's plea and sentencing, and concludes that no reversible error is apparent from the record.
 
 
 5
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation