98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth E. KOLLER, Defendant-Appellant.
 No. 95-6482.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1996.
 
 1
 Before: NORRIS and SILER, Circuit Judges; EDMUNDS, District Judge.*
 
 ORDER
 
 2
 This federal prisoner appeals his judgment of conviction and sentence entered after he pleaded guilty to aiding and abetting in the distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The government charged Kenneth E. Koller with two counts of aiding and abetting the distribution of over 70 pounds of marijuana. Koller pleaded guilty to the charges pursuant to a negotiated Fed.R.Crim.P. 11 plea agreement. The district court sentenced Koller to 25 months in prison and three years of supervised release based on a total offense level of 15 with a Criminal History Category of II (21-27 months).
 
 
 4
 On appeal, Koller claims that: 1) the district court erred in finding that he was not entitled to a two-level reduction as a minor participant under USSG § 3B1.2; and 2) the district court erred by refusing to grant him a downward departure in his criminal history category.
 
 
 5
 This court applies a clearly erroneous standard of review to the district court's factual findings, United States v. Mahaffey, 53 F.3d 128, 131 (6th Cir.1995), and, while giving due deference to the district court's application of the guidelines to those facts, it renders de novo review of the district court's legal conclusions. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). Factual findings to support the application of the sentencing guidelines must be based on a preponderance of the evidence. United States v. Carroll, 893 F.2d 1502, 1506 (6th Cir.1990).
 
 
 6
 Koller argues that the district court erred in denying his request for a two-level reduction under USSG § 3B1.2(b) for his role in the offense. The court reviews for clear error a district court's decision regarding whether to grant a defendant a reduction for his role in the offense. United States v. Blandford, 33 F.3d 685, 710 (6th Cir.1994), cert. denied, 115 S.Ct. 1821 (1995). To be clearly erroneous, " 'a decision must strike [the court] as more than just maybe or probably wrong; it must ... strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.' " United States v. Perry, 908 F.2d 56, 58 (6th Cir.1990) (quoting Parts and Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir.1988), cert. denied, 493 U.S. 847 (1989)). It is the defendant's burden to establish his entitlement to a downward adjustment by a preponderance of the evidence. United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993). Sentencing Guideline § 3B1.2(b) allows a minor participant reduction when a party is "less culpable than most other participants." Such a culpability determination is heavily dependent upon the facts. United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991).
 
 
 7
 The district court's finding is not clearly erroneous. At the guilty plea hearing, Koller admitted participating as the "middleman" in two transactions involving over 70 pounds of marijuana. Koller introduced the undercover police officer to the marijuana supplier, participated in negotiating the price of the marijuana, set up the transactions, accompanied the undercover officer on each trip to purchase marijuana, and counted the money. On these facts, the district court did not clearly err in finding that a reduction was not proper. See United States v. White, 985 F.2d 271, 274 (6th Cir.1993).
 
 
 8
 The district court's decision denying Koller's request for a downward departure in his criminal history category is not subject to review. Koller claims that the district court erred by refusing to find pursuant to § 4A1.3 of the Sentencing Guidelines that Koller's criminal history category over-represents the seriousness of his criminal history or the likelihood that he will commit further crimes. A district court's failure to depart downward from the Guidelines range is not cognizable on appeal under 18 U.S.C. § 3742(a) when the district court properly computes the Guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the Guidelines range, and is not unaware that it had discretion to depart from the Guidelines range. United States v. Hill, 79 F.3d 1477, 1487 (6th Cir.1996) (quoting United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993)); United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S.Ct. 149 (1994). Koller does not claim that the district court misconstrued its legal authority to depart downward, nor is there any indication that the court was unaware of its discretionary power to depart downward. Absent any indication or allegation that the sentencing range was improperly calculated or that the sentence was otherwise unlawful, the district court's discretionary refusal to depart downward from Koller's criminal history score of II is not appealable. Brannon, 7 F.3d at 522.
 
 
 9
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation