**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Eduardo Estrada GARCIA**
**Defendant–Appellant.**

No. 99–6019.

United States Court of Appeals,
Sixth Circuit.

Jan. 19, 2001.

Before DAUGHTREY and MOORE, Circuit Judges, CARR,* District Judge.

OPINION

CARR, District Judge.

This is an appeal as of right from a criminal sentence imposed by the United States District Court for the Eastern District of Tennessee. Northern Division. Appellant bases his appeal on two grounds. First, appellant argues the district court erred in ruling that appellant's Criminal History Category II did not over represent the seriousness of appellant's criminal history or the likelihood that appellant would commit future crimes. Next, appellant argues that he district court erred when it denied appellant's motion for a downward departure based upon appellant's ineligibility for the Bureau of Prisons Boot Camp due to appellant's alienage. Because the district court properly computed the Guidelines range, imposed a legal sentence, and was aware of its discretion to depart downward, we have no jurisdiction to review its decision.

II. Facts

On January 15, 1999, defendant-appellant Eduardo Estrada Garcia and five others were arrested in the act of transporting approximately 1,100 pounds of marijuana. On April 13, 1999, appellant pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. (J.A. at 115).

Appellant was sentenced in Criminal History Category II because of a previous conviction for a DUI, and because appel-

lant was on probation for the DUI at the time he committed the drug offense. (J.A. at 78–80). At sentencing, appellant argued that the criminal history reflected in his presentence report overstated the seriousness of his prior record. Appellant argued that he deserved the safety valve provision he would be eligible for if he were sentenced in Criminal History Category I. (Id. at 78–9, 82). The court found that appellant was properly placed in Criminal History Category II, and not entitled to the safety valve. (Id. at 84–5). Additionally, the court found that appellant's sentencing guidelines were correctly calculated, and that appellant's effective guideline range was sixty to sixty-three months. (Id. at 85).

After his first objection was denied, appellant moved for downward departure based on his alienage. Specifically, appellant argued that non-US citizens are sentenced differently than U.S. citizens, and that in appellant's case the result is unfair. Because of his alienage, appellant is ineligible for the Bureau of Prisons shock incarceration or boot camp program which would result in less time in prison.[1] (Id. at 88).

In considering the motion, the court recognized that it had authority to depart downward from sentencing guidelines in the case of an atypical offender who is outside the "heartland cases" embraced in the guidelines. (Id. at 100). The court found that in appropriate circumstances it could consider a person's alienage and the fact that an alien may be treated differently from a U.S. citizen. In this case, however, the court did not find that appellant

---

* The honorable James G. Carr. United States District Judge for the Northern District of Ohio, sitting by designation.

1. The court noted that with a guideline range of sixty to sixty three months appellant would not be eligible for boot camp even if he were

a citizen. Appellant argued that if the court granted the government's motion for downward departure based on appellant's cooperation, appellant would be in a range where citizens are eligible for the boot camp program.

fell outside the heartland of the guidelines, and exercised its discretion not to depart downward. (*Id.*).

The court granted the government's motion for downward departure based on appellant's cooperation. Thus, appellant was sentenced to the lowest end of the applicable guideline range, thirty-three months imprisonment. Additionally, upon release from prison appellant will have a four year term of supervised release with various behavior restrictions. (*Id.* at 106–7).

## II. Analysis

In the Sixth Circuit, "a district court's failure to depart from the Guidelines range is not cognizable on appeal under 18 U.S.C. § 3742(a) when the district court properly computes the Guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the Guidelines range, and is not unaware that it had discretion to depart from the Guidelines range." *United States v. Brannon,* 7 F.3d 516, 521–2 (6th Cir.1993). Under this standard, the district court's decisions in sentencing should not be disturbed.

Under the sentencing guidelines, appellant was properly placed in Criminal History Category II. Appellant had a prior conviction for a DUI, which amounts to one criminal history point. The offense appellant pled guilty to occurred while appellant was on probation for the DUI. Under the guidelines, this caused two points to be added. Category I only applies to persons with zero or one criminal history point. Thus, with three points, appellant was properly placed in Category II

The district court considered appellant's argument that Category II over represented his criminal history and likelihood of future offenses, but was not persuaded to move appellant to Category I. The court found that appellant was not outside the heartland of cases for which the Guidelines award two extra points. Additionally, the court noted that at most it would strike one point, which would still result in a Category II placement. (*Id.* at 83–4).

Because the district court properly applied the Guidelines range, imposed a legal sentence, and was aware of its discretion to depart downward but chose not to, appellant's placement in Category II is not reviewable. *Brannon,* 7 F.3d at 522.

Appellant's second argument fails for the same reason. The district court considered appellant's argument regarding the different treatment he received because of his alien status, and determined a downward departure was not warranted. Because appellant was properly sentenced under the Guidelines, and because the district court was aware of its authority to depart downward, appellant's second claim is not reviewable. *See United States v. Farrow,* 198 F.3d 179, 200 (6th Cir.1999) (finding that review of failure to depart downward based on alien status was precluded when district court judge properly sentenced appellant, was aware of its authority to depart downward but declined to do so).

Accordingly, for the reasons stated, we are without jurisdiction to review the decision of the court below.