**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jimmie Joe SAPPINGTON, Defendant–Appellant.**

**Nos. 00–5966, 00–59667, 00–5968, 00–5969, 00–5974.**

United States Court of Appeals, Sixth Circuit.

May 4, 2001.

Before NORRIS and COLE, Circuit Judges; STEEH, District Judge.*

### ORDER

Jimmie Joe Sappington appeals from the judgments of conviction and sentence involving five separate criminal cases. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 2000, Sappington pleaded guilty to several counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Case Nos. 00–5966, 00–5968, 00–5969, and 00–5974) and

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

bank larceny in violation of § 2113(b) (Case No. 00–5967). We note that Sappington was arrested in the Western District of Tennessee (Case No. 00–5966), and that following his cooperation and confession, the remaining cases were joined under Fed.R.Crim.P. 20. During the sentencing hearing, the district court denied Sappington's request for a downward departure based on exceptional acceptance of responsibility, and sentenced him to concurrent 188 month terms of imprisonment for the bank robberies, and a concurrent 120 month term of imprisonment for bank larceny (Case No. 00–5967). Sappington has filed a timely appeal from his sentences.

On appeal, Sappington's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising the following issue for review: 1) whether Sappington was entitled to a downward departure for exceptional acceptance of responsibility.

Upon review, we conclude that the district court properly sentenced Sappington. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guidelines. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1103 (6th Cir.1994).

Sappington has not presented any issue which fits these criteria. Sappington's combined total offense level was 29 and his Criminal History Category score was VI. This resulted in a total guidelines imprisonment range of 151–188 months. Thus, Sappington's sentence of 188 months was within the applicable guidelines range.

In addition, counsel correctly argues that the district court's decision to deny Sappington's request for a downward departure is not reviewable. Sappington argues that he was entitled to a downward departure because he voluntarily admitted to several bank robberies that would have otherwise gone unsolved. A defendant may not appeal a district court's decision denying a request for a downward departure absent a basis to appeal under 18 U.S.C. § 3742(e). *See United States v. Brannon*, 7 F.3d 516, 521–22 (6th Cir.1993). Nonetheless, this court may review a district court's refusal to depart downward if the district court incorrectly believed that it could not consider a defendant's mitigating circumstances and exercise discretion to depart under the guidelines. *See United States v. Landers*, 39 F.3d 643, 649 (6th Cir. 1994). In the absence of ambiguous statements by the district court concerning its discretion, however, an appellate court shall assume that the district court was aware of the law it was called upon to apply and that the district court found a downward departure unwarranted. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995).

In this case, a review of the sentencing transcript reflects that the court was aware of its discretion to depart, and that it concluded that a downward departure was not warranted. Specifically, the court stated that it "assumes that this case is one in which the court could theoretically depart downward," but that it would not exercise its discretion to depart in this case because of Sappington's pattern of conduct and his prior record. Thus, the district court's decision declining to depart is not reviewable.

■ Finally, we have reviewed the record and discovered no error warranting reversal of Sappington's conviction. Sappington entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that the circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record reflects that, during Sappington's plea hearing, the district court explained the rights that Sappington was waiving, and determined that no additional promises or threats had been made to compel him to plead guilty. The district court also reviewed the indictment with Sappington to ensure that he understood the charges against him. The district court also explained the potential penalties associated with the guilty pleas. Moreover, Sappington acknowledged his involvement in each of the bank robberies and the bank larceny.

Accordingly, we grant counsel's motion to withdraw and affirm the judgments of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.