**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony SMARTT, Defendant– Appellant.**

**No. 02–5595.**

United States Court of Appeals, Sixth Circuit.

March 7, 2003.

Before COLE, GILMAN, and BRIGHT,* Circuit Judges.

## ORDER

Anthony Smartt appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Smartt pleaded guilty to a charge of attempting to manufacture methamphetamine, a violation of 21 U.S.C. §§ 841, 846. He was sentenced to fifty-seven months of imprisonment to be followed by three years of supervised release.

In his timely appeal, Smartt argues that the district court clearly erred in calculating the amount of methamphetamine attributable to him for sentencing purposes. Both parties have expressly waived oral argument.

We review the district court's determination of drug quantity for clear error. *United States v. Laster*, 258 F.3d 525, 530

(6th Cir.2001); *United States v. Mahaffey*, 53 F.3d 128, 131 (6th Cir.1995). When precise measurement of the drugs is impossible, as in this case, the sentencing judge must approximate the amount charged to a defendant. *Mahaffey*, 53 F.3d at 131. A court's approximation of the amount of drugs involved is not clearly erroneous if supported by "competent evidence in the record." *Mahaffey*, 53 F.3d at 132 (citing *United States v. Brannon*, 7 F.3d 516, 520 (6th Cir.1993)).

Smartt raises a single contention on appeal: he argues that fifteen empty boxes of pseudoephedrine tablets are not competent evidence on which to approximate the amount of methamphetamine that formed the basis for his sentence.

The sentencing judge did not err in grounding his calculation on the empty boxes. *See United States v. Basinger*, 60 F.3d 1400, 1409–10 (9th Cir.1995) (holding that the district court did not clearly err in approximating the drug quantity from empty ephedrine containers). A sentencing judge may rely upon any kind of evidence, so long as it is supported by "some minimal indicium of reliability beyond mere allegation." *United States v. Herrera*, 928 F.2d 769, 773 (6th Cir.1991) (quotation omitted). This may include, where appropriate, an empty package. *See United States v. Acevedo*, 28 F.3d 686, 689–90 (7th Cir.1994); *United States v. Henderson*, 58 F.3d 1145, 1152 (7th Cir. 1995) (approving a sentencing court's approximation of drug quantities based upon the size and number of empty drug packages that had cocaine residue in them).

The record in this case reveals that the empty boxes were properly considered. In the written plea agreement, Smartt attested that, during a raid of his clandestine

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

methamphetamine laboratory, officers seized "red phosphorous, acetone, peroxide, coffee filters, iodine, muriatic acid, and containers of multi-layered liquids. In addition fifteen empty cold tablet boxes were recovered. *Those boxes had each contained 24 tablets at 60 milligrams per tablet for a total of 21.6 grams of pseudoephedrine.*" Bolstered by these specific factual admissions, and his overarching admission that he was attempting to manufacture methamphetamine, the empty boxes were competent evidence.

Accordingly, we affirm the district court's judgment.