**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Blane PITTMAN, Defendant–
Appellant.**

No. 02–5066.

United States Court of Appeals,
Sixth Circuit.

June 24, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District

Judge.*

## ORDER

Larry Blane Pittman appeals his judgment of conviction and sentence. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On the day set for his trial, Pittman pleaded guilty pursuant to a negotiated plea agreement to conspiring to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Thereafter, the probation office prepared a presentence report (PSR) providing that Pittman should be sentenced under USSG § 4B1.1 as a career offender. After reviewing the PSR, Pittman moved to withdraw his guilty plea. The district court held a hearing on Pittman's motion and found that the "sole reason" Pittman wanted to withdraw his guilty plea was because he saw in the PSR that he would be sentenced as a career offender. Thus, the district court denied Pittman's motion to withdraw. The district court sentenced Pittman to 262 months of imprisonment and 10 years of supervised release.

In his timely appeal, Pittman does not raise any issue concerning the validity of his guilty plea, the court's denial of his motion to withdraw it, or the terms of the plea agreement. He only argues that the court erred in sentencing him as a career offender in violation of 21 U.S.C. § 851.

▪ Upon review, we conclude that Pittman waived his right to appeal his conviction and sentence. A defendant in a criminal case may waive the right to appeal, *see United States v. Fleming,* 239 F.3d 761, 763–64 (6th Cir.2001); *United*

States v. Ashe, 47 F.3d 770, 775–76 (6th Cir.1995), as long as the defendant waives the right knowingly and voluntarily. *Fleming,* 239 F.3d at 764. A defendant's knowing and voluntary waiver of his right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *Id.* at 764–65; *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995).

A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755, 90 S.Ct. 1463. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the plea hearing, the district court extensively and carefully reviewed with Pittman the rights he was waiving and the maximum penalty he faced under the applicable statute, including the length of imprisonment and supervised release. After being informed of his rights and the potential penalties, Pittman expressly acknowledged his guilt. Thus, the record reflects that Pittman understood the rights that he was waiving, and that he understood the potential penalties associated with his crime. Specifically, the parties' plea agreement expressly contemplated

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

the likelihood of Pittman being sentenced as a career offender, and at the guilty plea hearing, the district court explained to Pittman the possibility of him being found a career offender. Pittman acknowledged that he understood his plea agreement and understood that he was waiving the right to appeal and to collaterally attack his sentence under 28 U.S.C. § 2255. Therefore, Pittman knowingly, intelligently, and voluntarily waived his right to appeal, and review of the issue is precluded on appeal.

█ Even if Pittman had not waived his right to appeal, his contention is meritless. He contends that it was error for the district court to sentence him as a career offender. More specifically, he contends that because his prior offenses were drug-related, they cannot be used in determining he was a career offender for purposes of USSG § 4B1.1, absent a notice of intent to rely on them pursuant to 21 U.S.C. § 851. No notice under § 851 is required where the enhancement for prior convictions is under the career-offender provisions of the guidelines, rather than under the statutory sentence enhancement provisions of 18 U.S.C. § 841(b)(1). *United States v. Brannon*, 7 F.3d 516, 521 (6th Cir.1993).

Accordingly, we hereby affirm Pittman's judgment of conviction and sentence.