**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Rose BROWN, Defendant–Appellant.**

**No. 94–6185.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 10, 1995.

Decided Sept. 26, 1995.

Linda Harris, Asst. U.S. Attorney (argued), Amy E. Spain (briefed), Memphis, TN, for plaintiff-appellee.

G. William Hymers, III (argued and briefed), Jackson, TN, for defendant-appellant.

Before: RYAN, BATCHELDER, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

A federal grand jury returned indictments against Rose Brown and two other employees of the city of Humboldt, Tennessee, charging each individual with embezzlement in violation of 18 U.S.C. § 666 and conspiracy to embezzle in violation of 18 U.S.C. §§ 371, 666. After a short trial in the U.S. District Court for the Western District of Tennessee, the jury convicted Brown on all counts. The district judge sentenced her to twenty-seven months for each count, to be served concurrently, and ordered $31,279.35 in restitution. Brown raises four main issues on appeal: (1) whether her statement to a Tennessee investigator was improperly admitted, (2) whether the evidence was sufficient to warrant conviction, (3) whether the prosecutor's closing argument constitutes grounds for reversal, and (4) whether the district judge properly applied the sentencing guidelines. This court finds no basis for reversal.

## I.

■ Brown's first assignment of error involves the district judge's denial of her motion to suppress a sworn statement she gave to Tennessee Bureau of Investigation ("TBI") agent Tommy Lewis. She claims that the district court erroneously concluded that she was first read her *Miranda* rights and that the statement was voluntary. This court will reverse the district court's findings of fact only if they are clearly erroneous. *United States v. Baro*, 15 F.3d 563, 566 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 285, 130 L.Ed.2d 201 (1994).

■ There was ample evidence to support the district court's conclusion that Brown was aware of her *Miranda* rights at the time she made the statement. At the suppression hearing, Brown did not dispute that she signed a *Miranda* waiver; she simply claimed that she signed it after the questioning was over. However, Lewis testified that he apprised Brown of her rights before beginning the interview and that Brown understood, agreed to, and signed the waiver at that time. In light of this evidence, the district court was not clearly erroneous in concluding that *Miranda* did not bar admission of the statement. Brown's statements at trial cast even more doubt on her credibility: she claimed not to have read any of the forms she signed, yet her earlier testimony was that the TBI statement's pages were not numbered and that the *Miranda* waiver did not show the time of day, suggesting that she had read the forms. *See United States v. Hicks*, 978 F.2d 722, 724–25 (D.C.Cir.1992) (approving use of trial evidence to affirm pretrial suppression ruling).

■ Regardless of whether Brown received *Miranda* warnings, her statement would be inadmissible on due process grounds if it were given involuntarily. *United States v. Macklin*, 900 F.2d 948, 951 (6th Cir.), *cert. denied*, 498 U.S. 840, 111 S.Ct. 116, 112 L.Ed.2d 86 (1990). To determine voluntariness, a court must examine whether law enforcement officials have overborne the defendant's will, *Lynumn v. Illinois*, 372 U.S. 528, 534, 83 S.Ct. 917, 920, 9 L.Ed.2d 922 (1963), through coercive activity, *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 521, 93 L.Ed.2d 473 (1986). The appellant's brief intimates that Lewis coerced Brown by denying her access to family mem-

bers and medicine. However, the evidence clearly shows that Brown never asked to leave the interview, that the subject of access to her family never arose, and that she never indicated that she was ill or needed her medicine. There is no basis here for a finding of coercion or involuntariness. *Cf. Haynes v. Washington,* 373 U.S. 503, 514, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513 (1963) (finding involuntariness where police expressly denied defendant access to family until he made statement). We therefore conclude that the district court did not err in admitting defendant's TBI statement.

## II.

■ Brown next challenges the district court's denial of her motion for a judgment of acquittal based on insufficiency of the evidence. In reviewing such a claim, this court determines " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Ellzey,* 874 F.2d 324, 328 (6th Cir. 1989) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). On appeal, Brown claims that the evidence did not establish that she stole the amount needed for a federal embezzlement conviction.

■ Conviction under the embezzlement statute is not appropriate unless the defendant has misappropriated at least $5000. 18 U.S.C. § 666(a)(1)(A)(i). In her TBI statement, Brown admitted unauthorized receipt of $4747.56 in municipal funds. Brown now argues that this admission is the only evidence that a reasonable jury could have believed. The record, however, does not support such a claim. First, the TBI statement also reveals that Brown confessed to taking other funds, although no amount is specified. Second, a certified public accountant who audited the city's finances testified that in 1991 Brown received $7336.01 to which she was not entitled, and that the figure rose to $23,943.34 in 1992. Third, Brown's coworker and the city's bookkeeper, Judy Cook, testified in great detail regarding the embezzlement scheme in which she and all three defendants participated. Although Cook was

a co-conspirator whose testimony was the result of a plea bargain, her testimony was not so inherently unreliable as to be worthless in the eyes of the jury. Viewed in the light most favorable to the prosecution, therefore, this evidence was sufficient for conviction on all counts.

## III.

■ Brown also alleges that the prosecutor made several improper comments during closing argument, amounting to reversible error. This court's recent holding in *United States v. Carroll,* 26 F.3d 1380, 1384–90 (6th Cir.1994), clarified the test to be applied to claims of prosecutorial misconduct. First, we determine whether the conduct was improper under *United States v. Bess,* 593 F.2d 749 (6th Cir.1979). Improper conduct is then examined for flagrancy under *United States v. Leon,* 534 F.2d 667 (6th Cir.1976). If the conduct is found not to be flagrant, we will reverse only when (1) the proof against the defendant was not overwhelming, (2) opposing counsel objected to the conduct, and (3) the district court failed to give a curative instruction. *Carroll,* 26 F.3d at 1384–90 (reconciling *Bess* and *Leon* ). In the absence of an objection, only flagrant conduct will warrant a "plain error" reversal. *Id.* at 1385 n. 6.

■ Brown contends that the prosecution's closing argument contained three discrete instances of reversible error. The first occurred when the prosecutor told the jury that Cook "was honest with you," the second when the prosecutor pointed out that the defense had failed to call a handwriting expert, and the third when the prosecutor implied that Brown's lawyer "knew" that calling an IRS witness would only have hurt her defense. Regardless of whether these remarks were improper, none of them was flagrant, and none constitutes grounds for reversal.

■ *Carroll* lists three factors to consider when determining flagrancy of prosecutorial comments: (1) the tendency of the comments to mislead the jury or prejudice the defendant, (2) whether the comments were isolated or extensive, and (3) whether the comments were made deliberately. 26 F.3d at 1385. Although each of the comments at

issue here might be said to have misled the jury, there is no indication that they were anything but isolated, inadvertent remarks on the part of the prosecution. None should be considered flagrant.

The analysis thus focuses on whether (1) the proof against the defendant was overwhelming, (2) opposing counsel objected to the conduct, and (3) the district court gave a curative instruction. *Carroll,* 26 F.3d at 1385–86. Given the overwhelming evidence against Brown, the prosecutor's comments do not warrant reversal. The jury already had before it a signed confession and the relatively uncontroverted testimonies of a co-conspirator and an independent auditor. The prosecutor's remarks, improper or not, were not going to turn the tide against Brown; the tide had already turned.

■■■■ In addition, Brown's lawyer failed to object to the comment on Cook's honesty, and the district judge gave a curative instruction immediately after the objection to the prosecution's mention of the handwriting expert. This court will not reverse on the basis of non-flagrant conduct unless the appellant timely objected and the district court failed to cure the impropriety with an appropriate instruction. *Id.* at 1385 n. 6. Furthermore, the prosecution's observation that the defense had not called a handwriting expert was an appropriate rebuttal to the defense's reference to the prosecution's failure to call such a witness. *See United States v. Clark,* 982 F.2d 965, 968–69 (6th Cir.1993) (holding that defense's closing argument invited prosecutor's remark regarding defense's failure to call witness).

■■■■ Brown's third misconduct allegation is based on the prosecutor's statement that her lawyer chose not to call IRS witnesses because "he knew they would say, yes, that's the W–2 we received," which would only have hurt her case. Trial Tr. at 589–90. In response to defendant's objection to this language, the district judge immediately stated, "it seems to me that we can't speculate about what [defense counsel] knew or didn't know." *Id.* at 590. Brown argues that the prosecutor's statement suggested to the jury that her lawyer knew she was guilty. Even if such a conclusion could be drawn, the district judge made a curative statement, and the

evidence against Brown was overwhelming; the prosecutor's comments would have had to have been considerably more egregious to warrant reversal. *See, e.g., United States v. Kirkland,* 637 F.2d 654, 656 (9th Cir.1980) (affirming conviction when curative instruction given after prosecutor's assertion in closing argument that defense lawyers knew their clients were "guilty as sin").

## IV.

■■■■ Brown's final grounds for appeal involve the district court's application of federal sentencing guidelines. First, she claims that the district judge erred in failing to depart downward in light of Brown's caregiving responsibilities to her ailing mother. However, a lower court's informed decision not to depart from a valid guideline range is not reviewable. *United States v. Hamilton,* 949 F.2d 190, 192–93 (6th Cir.1991). Because the district court was aware that it could exercise its discretion and simply chose not to do so, Brown's first claim fails.

■■■■ Second, Brown argues that $31,-279.35 was the appropriate figure to use in determining her sentencing guideline range, since it represented the amount that Brown actually received from the embezzlement scheme. However, Brown does not dispute that the conspiracy of which she was a member stole $66,680.12 from the city, which was the figure the district court used in its calculation. We review the lower court's interpretation of the guidelines de novo and its factual findings for clear error. *United States v. Flowers,* 55 F.3d 218, 220 (6th Cir.1995).

■■■■ The guidelines provide for an increase in offense level based on the amount of the "loss." United States Sentencing Commission, *Guidelines Manual* § 2B1.1 (1994) [hereinafter U.S.S.G.]. The commentary makes clear that "loss" refers to "the value of the property taken," *id.* § 2B1.1 commentary, applic. note 2; the amount a particular defendant derives from the theft is only relevant in circumstances not present in this case, *see id.* § 2B1.1 commentary, applic. note 11. Furthermore, the relevant conduct for sentencing purposes includes, "in the case of a jointly undertaken criminal activity ..., all reasonably foreseeable acts and omissions of others in furtherance" of the activity.

*Id.* § 1B1.3(a)(1)(B). Given Brown's central role in the embezzlement scheme, the district court was not clearly erroneous in determining that she could reasonably foresee the theft of the entire $66,680.12 and using that figure in its calculation.

■ Third, Brown claims that the district court erred in enhancing her sentence for abuse of a position of trust because the base offense level already accounted for such conduct. Although the guidelines would prohibit such an enhancement if abuse of trust were included in the base offense level, *id.* § 3B1.3, Brown is incorrect. Neither the base offense level nor any of its appurtenant special offense characteristics implicates abuse of trust. *See id.* § 2B1.1. Nor is abuse of trust a necessary element of the crime of embezzlement; the government had to show that Brown was a municipal agent, *see* 18 U.S.C. § 666(a)(1), but did not have to prove the degree of independence and discretion that the enhancement provision requires, *see* U.S.S.G. § 3B1.3 commentary, applic. note 1, and that the district judge properly concluded was present in this case.

■ Last, Brown contends that the district court erred in enhancing her sentence for obstruction of justice. The judge found that Brown had committed perjury, which under section 3C1.1 of the sentencing guidelines merits an obstruction of justice enhancement. *See id.* § 3C1.1 commentary, applic. note 3(b). In challenging this ruling, Brown baldly asserts that she did not commit perjury, without providing this court any factual or legal basis for her claim. In contrast, the district court cited two discrete instances of false testimony and specifically found that Brown intended to deceive the jury. This satisfied this court's requirement that the sentencing judge identify specific instances justifying the enhancement for obstruction of justice. *See United States v. Spears,* 49 F.3d 1136, 1143 (6th Cir.1995).

For the foregoing reasons, the convictions and sentences are **AFFIRMED.**