82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Eugene BAILEY, Defendant-Appellant.
 No. 95-3650.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Robert Eugene Bailey, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to one count of possessing cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On February 22, 1995, Bailey pleaded guilty to the one count described above pursuant to a Fed.R.Crim.P. 11 plea agreement. The drug amounts stipulated to in the plea agreement were sufficient to trigger the application of a 10-year mandatory minimum sentence. The district court sentenced him on May 24, 1995, to 87 months in prison and five years of supervised release. In sentencing Bailey to the low end of the applicable guideline range, the district court found him eligible for application of the recently enacted "safety valve" provision, 18 U.S.C. § 3553(f) as implemented by USSG § 5C1.2, which provides relief from mandatory minimum sentencing for certain first-time, nonviolent drug offenders.
 
 
 4
 On appeal, Bailey argues that the district court erroneously concluded that it did not have the authority to depart below the applicable guideline range in a "safety valve" case.
 
 
 5
 Upon review, we affirm the district court's judgment because the plain language of the "safety valve" statute provides that an eligible defendant be sentenced within the applicable guideline range and the record does not support Bailey's contention that the district court was unaware of its authority to otherwise depart in his case. A district court's interpretation of a sentencing guideline is reviewed de novo; however, its informed decision not to depart from a valid guideline range is not reviewable. United States v. Brown, 66 F.3d 124, 128 (6th Cir.1995), petition for cert. filed (U.S. Dec. 26, 1995) (No. 95-7268); United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993).
 
 
 6
 Prior to sentencing, Bailey filed a motion for downward departure on the ground that his conduct represented "aberrant behavior." He further argued that the court could sentence him below the applicable sentencing guideline pursuant to the "safety valve" provision. The district court, however, rejected both of these grounds for departure and, applying § 5C1.2, sentenced Bailey to the lowest sentence available within the applicable guideline range.
 
 
 7
 The plain language of § 5C1.2 (which tracks the language of the statute) provides in pertinent part that "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) ..." (emphases added). Although this court has not yet expressly ruled on the issue, the Second Circuit concluded that "this section permits a court to sentence a defendant to a term less than the statutory mandatory minimum under certain circumstances, but it still requires the court to impose a sentence within the applicable guidelines range." United States v. Idowu, 1996 WL 15918, at * 10 n. 11 (2d Cir. Jan. 12, 1996) (emphasis added). Thus, the district court correctly determined that it could not sentence Bailey below the minimum 87-month term available in his applicable guideline range unless there existed an independent basis for departure.
 
 
 8
 Contrary to Bailey's assertion, the record reflects that the district court did recognize its discretion to depart. A district court does not have a duty to state affirmatively that it knows it possesses the power to make a downward departure, but declines to do so. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). Nevertheless, the district court clearly stated that it was sentencing Bailey within the guideline range because § 3553(f) so provided, and because it found no other basis for departure.
 
 
 9
 Because the court recognized its discretion to depart, but simply chose not to do so in this case, the denial of Bailey's motion to depart downward is not reviewable. See Brown, 66 F.3d at 128; Brannon, 7 F.3d at 522.
 
 
 10
 Accordingly, the district court's judgment, entered on May 30, 1995, is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation