94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lea Ann RIDENOUR, Defendant-Appellant.
 No. 96-1255.
 United States Court of Appeals, Sixth Circuit.
 Aug. 08, 1996.
 
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Lea Ann Ridenour, a federal prisoner, appeals the sentence imposed by the district court upon her conviction for bank embezzlement in violation of 18 U.S.C. § 656. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 13, 1995, Ridenour pleaded guilty to the single count described above, pursuant to a plea agreement under Fed.R.Crim.P. 11. In return for Ridenour's guilty plea, the government agreed that she was entitled to a two-level reduction in offense level for acceptance of responsibility, her prison sentence should not exceed 13 months, and she could seek a downward departure under USSG § 5K2.13. The parties further agreed on the amount of restitution. Ridenour subsequently moved the court to depart downward, pursuant to § 5K2.13, due to significantly reduced mental capacity. The district court denied the motion to depart downward and sentenced Ridenour on February 14, 1996, to 12 months and one day in prison, three years of supervised release, and restitution in the amount of $69,206.74. The judgment was filed on February 25 and entered on February 26, 1996.
 
 
 3
 Ridenour's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Ridenour had no meritorious issues to appeal, he presented the issue of the district court's denial of Ridenour's motion to depart downward. Ridenour has filed a response, arguing her entitlement to a downward departure and requesting new counsel.
 
 
 4
 Upon careful consideration, we grant counsel's motion to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the alleged error advanced by both Ridenour and counsel is not cognizable on appeal.
 
 
 5
 A district court's interpretation of a sentencing guideline is reviewed de novo; however, its informed decision not to depart from a valid guideline range is not reviewable. United States v. Brown, 66 F.3d 124, 128 (6th Cir.1995), cert. denied, 116 S.Ct. 954 (1996); United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990). It is obvious from the district court's ruling that the court was aware of its discretion to depart, but simply chose not to do so in this case. The sentence imposed was within the properly computed guideline range as set forth in the plea agreement. Therefore, the district court's decision is not reviewable on appeal. We have reviewed the record for other appealable issues and have found none.
 
 
 6
 Accordingly, counsel's motion to withdraw is granted. The request for new counsel is denied. The district court's judgment, entered on February 26, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.