**UNITED STATES OF AMERICA Plaintiff–Appellee,**

v.

**Ronald Kam Tat YEE Defendant–Appellant.**

No. 99–1924.

United States Court of Appeals, Sixth Circuit.

Feb. 27, 2001.

Before JONES, BOGGS, and SILER, Circuit Judges.

JONES, Circuit Judge.

The Defendant–Appellant, Ronald Yee, challenges the district court's denial of a motion for downward departure from the United States Sentencing Guidelines based on his status as a deportable alien. For the reasons set forth below, we AFFIRM the decision of the district court.

I.

On June 4, 1998, a federal grand jury filed a three-count indictment charging Yee with conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846; possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Yee pled guilty to the three-count indictment and was sentenced to concurrent terms of 135 months custody to be followed by 4 years of supervised release. On July 19, 1999, Yee filed a motion for a downward departure based upon his certain deportation and prior cultural assimilation. The district court denied Yee's motion for downward departure. The district court noted that Yee, while fighting deportation through the appeals process, committed a significant criminal offense, which indicated that he was more concerned with profiting from drug activity than avoiding deportation.

Yee contends on appeal that the district court erroneously concluded that a defendant's status as a deportable alien could never serve as a basis for a downward departure. The Government argues that the district court's refusal to depart from the applicable sentencing guidelines is not reviewable on appeal since the district court was aware that it had the discretion to depart.

**434**

## II.

It is well-settled that "[a]n appellate court may only review a denial of a motion for a downward departure if the district court judge 'incorrectly believed that [s]he lacked any authority to consider defendant's mitigating circumstances as well as the discretion to deviate from the guidelines.'" *United States v. Coleman,* 188 F.3d 354, 357 (6th Cir.1999) (quoting *United States v. Landers,* 39 F.3d 643, 649 (6th Cir.1994)); *see also United States v. Strickland,* 144 F.3d 412, 418 (6th Cir. 1998); *United States v. Scott,* 74 F.3d 107, 112 (6th Cir.1996); *United States v. Brown,* 66 F.3d 124, 128 (6th Cir.1995); *United States v. Davis,* 919 F.2d 1181, 1187 (6th Cir.1990). In the case at bar, it is clear from the record that the district court was aware it had the discretion to depart. The district court noted that departure was not warranted because the defendant "having been convicted of two felony offenses, and while fighting deportation ... committed ... a very significant criminal offense while he was on parole and in the process of appealing deportation." J.A. at 79. The district court was particularly unimpressed with Yee's argument that he deserves a downward departure to reduce the hardship of deportation since he committed a crime which he knew would lead to his deportation if caught. Contrary to Yee's assertion, the district court did not conclude that a defendant's status as a deportable alien could never serve as a basis for a downward departure. Rather, the district court made clear that this defendant's situation did not warrant a departure because the particular circumstances of his case did not fall outside of the heartland of cases in the Guidelines. *See Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline."). Because the district court was aware of its discretion to depart, its refusal to do so is not reviewable on appeal.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.