RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0309P (6th Cir.)
File Name: 01a0309p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

Nos. 00-4365/5416

KELLI O'MALLEY,
  *Defendant-Appellant.*

Appeal from the United States District Courts for the
Eastern District of Kentucky at Lexington and
the Southern District of Ohio at Cincinnati.
Nos. 99-00084; 00-00041—Karl S. Forester, Chief District
Judge; Susan J. Dlott, District Judge.

Submitted: July 12, 2001

Decided and Filed: September 6, 2001

Before: SILER and GILMAN, Circuit Judges; DONALD,
District Judge.

_____

[*] The Honorable Bernice Bouie Donald, United States District Judge
for the Western District of Tennessee, sitting by designation.

1

——————————

**COUNSEL**

**ON BRIEF:** John K. West, McCOY & WEST, Lexington, Kentucky, for Appellant. Kenneth R. Taylor, Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

——————————

**OPINION**

——————————

BERNICE BOUIE DONALD, District Judge. Defendant Kelli O'Malley ("O'Malley") appeals the district court's determination of her base offense level for her participation as a driver in a gun-stealing ring. One of the guns her coconspirators stole from a gun shop was an illegal semi-automatic assault weapon. The district court used the theft of the illegal firearm in calculating O'Malley's base offense level. O'Malley contends that the district court erred in finding it reasonably foreseeable that a store would stock contraband. For the reasons herein, the Court **VACATES** O'Malley's sentences and **REMANDS** the cases to the district courts for re-sentencing.

## I. Factual Background

O'Malley was the driver of the getaway car in the burglary and attempted burglary of two gun shops. In the Eastern District of Kentucky, the Government indicted O'Malley on two counts, (1) stealing fifty-one firearms on August 4, 1999 (18 U.S.C. § 922(u)); and (2) conspiring to violate the laws of the United States by attempting to steal firearms on August 21, 1999 (18 U.S.C. § 371). On December 10, 1999, O'Malley pleaded guilty to both counts. The Government's pre-sentence investigation report indicated that one of the stolen fifty-one guns was a semi-automatic assault weapon, which is illegal to possess or sell under 18 U.S.C. § 921(a)(30).

of selling illegal weapons. We therefore **REMAND** the cases to the district courts for re-sentencing to determine whether O'Malley may be held accountable for her coconspirators' theft of illegal firearms, and to support its conclusion with factual findings in compliance with Fed. R. Crim. P. 32(c)(1).

## III. Conclusion

For the foregoing reasons, we **VACATE** O'Malley's sentences and **REMAND** the cases to the district courts for re-sentencing consistent with this opinion.

firearms.[2]   18 U.S.C. § 922(v)(1).  By way of example, if a person enters a Rite-Aid with a gun to steal drugs, it is foreseeable that someone may get hurt and that property may be damaged and stolen.  However, it is a different question as to whether it is reasonably foreseeable that Rite-Aid's pharmacy will carry drugs prohibited for sale and the thief will be able to steal illegal merchandise.

The district court made inadequate factual findings as to this issue.  Federal Rule of Criminal Procedure 32(c)(1) requires the district court to make findings of fact regarding each controverted enhancement at the sentencing hearing. *United States v. Middleton*, 246 F.3d 825, 846-47 (6th Cir. 2001).  In *Middleton*, the district court decided to apply an enhancement based on its finding that the defendant obstructed justice.  The court's only statement regarding this finding was, "[i]t's my view that [the defendant] did engage in conduct that constituted obstruction of justice." *Id*.  This Court found the statement insufficient to satisfy the requirements of Fed. R. Crim. P. 32(c)(1).

In the present case, the district court's findings of facts were similarly insufficient.  In finding that the actions of O'Malley's coconspirators were foreseeable, the court merely stated that, "it was reasonably foreseeable that one of the weapons taken might well have been a prohibited weapon." (J.A. 31).  The issue of whether O'Malley's coconspirators' actions were foreseeable is a controverted matter that the district court considered in calculating O'Malley's sentence. Accordingly, to satisfy Fed. R. Crim. P. 32(c)(1), the district court must make sufficient factual findings on the issue of foreseeability.  For example, the district court might inquire whether there is proof that O'Malley knew or should have known that the gun shop was engaged in the criminal activity

---

[2]Congress amended the Omnibus Crime Control and Safe Streets Act in 1994 to ban the possession and sale of semi-automatic assault weapons. Pub. L. No. 103-322, § 110102(a).  The ban did not apply to the possession or sale of such assault weapons otherwise lawfully possessed under Federal law on the date of its enactment.  18 U.S.C. § 922(v)(2).

Under United States Sentencing Guideline § 2K2.1(a)(5), when an unlawful firearm transaction involves a semi-automatic weapon prohibited under 18 U.S.C. § 921(a)(30), the base offense level is eighteen.  A semi-automatic assault weapon is defined under 18 U.S.C. § 921(a)(30) to include any Norinco model gun. Because O'Malley's coconspirators had retrieved a Norinco weapon from the store, the Government recommended a base offense level of eighteen for O'Malley.  Without the involvement of the prohibited weapon, however, O'Malley's base offense level would be twelve.  U.S.S.G. § 2K2.1(a)(7).  O'Malley objected to the inclusion of the prohibited weapon as a factor in calculating her base offense level.  O'Malley stated that it was not reasonably foreseeable that, of the guns her coconspirators stole, one of them would be illegal to possess and transfer. Judge Karl Forester of the Eastern District of Kentucky overruled her objection without explanation.

On July 25, 1999, O'Malley was also charged in the Southern District of Ohio with knowingly receiving stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), to which she pleaded guilty.  At her sentencing hearing, O'Malley objected to being held responsible for the theft of the semi-automatic weapon in the Eastern District of Kentucky. District Court Judge Susan Dlott of the Southern District of Ohio, however, found that this was relevant conduct, and accordingly enhanced O'Malley's sentence.

### II. Analysis

We review for clear error a district court's findings of fact in sentencing decisions. *United States v. Prince*, 214 F.3d 740, 769 (6th Cir. 2000).  A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed. *United States v. Gort-DiDonato*, 109 F.3d 318, 320 (6th Cir. 1997).  We therefore review for clear error the sentencing court's factual findings that it was reasonably foreseeable to O'Malley that her coconspirators would steal contraband from a licensed

firearms store. *United States v. Brown*, 66 F.3d 124, 128 (6th Cir. 1995); *United States v. Middleton*, 246 F.3d 825, 845-46 (6th Cir. 2001).

Under the sentencing guidelines, a defendant is held accountable for all reasonably foreseeable acts of others in furtherance of a jointly undertaken criminal activity that occurred during the commission of the offense. U.S.S.G. § 1B1.3(a)(1)(b); *Prince*, 214 F.3d at 769; *United States v. Hoskins*, 173 F.3d 351, 353 (6th Cir. 1999). A defendant is not held accountable, however, for the conduct of others not reasonably foreseeable in connection with that criminal activity. U.S.S.G. § 1B1.3, cmt. n.2.

O'Malley asserts that the record is devoid of any proof showing that she and her coconspirators agreed to undertake anything more than burglarizing gun shops to steal weapons. There is no evidence in the record suggesting that O'Malley knew or should have known that the gun shop was engaged in the criminal activity of selling illegal weapons. O'Malley therefore contends that, their target being a legitimate gun shop, it was not reasonably foreseeable that her coconspirators would obtain illegal weapons from the burglary.

In contrast, the Government asserts it was reasonably foreseeable that one of her coconspirators might select a semi-automatic assault weapon from the store's inventory. The Government cites *United States v. Molina*, 106 F.3d 1118, 1121 (2d Cir. 1997), and *United States v. Lawson*, 872 F.2d 179, 182 (6th Cir. 1989), in support of its position. In *Molina*, the driver of the get-away car was held accountable for the acts of coconspirators who discharged a weapon during a robbery. The court held that the coconspirators' actions were foreseeable because the driver knew that both his codefendants and the armored car guards were armed, making a deadly confrontation likely. *Molina*, 106 F.3d at 1122. In *Lawson*, this Court held that it was reasonably foreseeable for a defendant wanting to purchase a machine gun that his

suppliers would convert semi-automatic weapons into fully automatic weapons to fill his order. *Lawson*, 872 F.2d at 181.

The Government's position, however, fails to address the issue raised in the instant case. The issue is not whether it is reasonably foreseeable that a coconspirator, if given the opportunity, would engage in additional illegal activity. At issue is the antecedent question of whether it is reasonably foreseeable that a coconspirator would have the opportunity to engage in such illegal activity. That is, was it foreseeable that the licensed firearms store would contain a prohibited weapon in its inventory?

In *Molina*, the defendant knew his coconspirator had a gun and would be facing armed resistance. The defendant's coconspirator, having the opportunity to use a gun in such circumstances, would foreseeably use it in the commission of the robbery. In *Lawson*, the defendant purchased weapons from an underground dealer, and it was reasonably foreseeable that an underground dealer would have the opportunity to modify weapons to meet the defendant's needs.[1]

In the instant case, the question is whether it is reasonably foreseeable that O'Malley's coconspirators would have the opportunity to take a weapon from a store that the store could not legally sell. In the abstract, it is not reasonably foreseeable that a person burglarizing a gun store, which operates within a highly regulated industry, will be able to steal illegal merchandise. It is unlawful for a person to transfer or possess a semi-automatic assault weapon, and gun dealers are therefore not permitted to possess or sell such

---

[1] O'Malley is correct in asserting that *Lawson* was not a "guidelines" case, but instead addressed whether a defendant could be held responsible for the substantive offenses of coconspirators under the standard articulated under *Pinkerton v. United States*, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-84, 90 L.Ed. 1489 (1946). We, however, find *Lawson* analogous to the present case for the limited purposes of determining what makes a coconspirator's conduct foreseeable.