**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Derryl Lee LAFAVE, Jr., Defendant–
Appellant.**

No. 00–2168.

United States Court of Appeals,
Sixth Circuit.

April 2, 2002.

Before JONES and MOORE, Circuit Judges; and HAYNES,* District Judge.

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

OPINION

MOORE, Circuit Judge.

Defendant–Appellant Derryl Lee LaFave, Jr. ("LaFave"), was convicted of possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and sentenced to the statutory maximum of 120 months' imprisonment. He now appeals his sentence, arguing that the district court abused its discretion in applying a cross-reference in the U.S. Sentencing Guidelines ("U.S.S.G.") that resulted in a higher sentencing range. We AFFIRM the district court's decision.

I

On November 8, 1999, two individuals wearing Halloween masks and carrying handguns robbed the Lake–Osceola State Bank ("Bank") in Luther, Michigan, of more than $13,000. Five days later, police investigation resulted in LaFave's arrest for the robbery. Found in LaFave's car was a .22–caliber pistol that a witness later identified as having been stolen from his home on October 5, 1999.

On May 3, 2000, the United States ("Government") filed a superseding indictment against LaFave, charging him with one count of armed bank robbery in violation of 18 U.S.C. § 2113 and one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). On June 9, 2000, after a jury trial, LaFave was acquitted of the first count but convicted of the second.

On June 20, 2000, the district court entered a Memorandum Order and Notice, which stated in pertinent part:

Based upon the evidence produced at trial, the Court would find beyond a reasonable doubt, which is a higher standard than required by law, that [La-

Fave] participated in the armed robbery of Osceola–Lake [sic] State Bank in Luther, Michigan, on November 8, 1999, and that [LaFave] used a stolen firearm in the commission of that offense.

Joint Appendix ("J.A.") at 68. The district court then made various findings to support these conclusions. At the sentencing hearing on September 28, 2000, the district court reiterated its findings and sentenced LaFave to 120 months' imprisonment[1] and a three-year term of supervised release; it also ordered a special assessment of $100 and imposed a fine of $6,500. This timely appeal followed.

## II

Because the jury acquitted him of the armed bank robbery charge, LaFave argues that the district court erred in finding (1) that the gun found in LaFave's possession was the gun used during the robbery and (2) that LaFave was one of the robbers.

We begin our analysis by noting that we review for clear error a district court's factual findings at sentencing. *United States v. O'Malley*, 265 F.3d 353, 355 (6th Cir.2001). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed." *Id.* We review for abuse of discretion a district court's decision to depart from the recommended sentence under the Sentencing Guidelines. *United States v. Smith*, 278 F.3d 605, 609 (6th Cir.2002) (citing *Koon v. United States*, 518 U.S. 81, 91, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)).

In this case, the district court found beyond a reasonable doubt that LaFave had used a stolen firearm while participating in the bank robbery, even though the jury acquitted him of that charge. The Sentencing Guidelines commentary advises that "use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case." U.S.S.G. § 6A1.3 commentary. Therefore, the district court's use of the more stringent standard of beyond a reasonable doubt exceeded the Sentencing Guidelines'

---

**1.** LaFave was charged with and convicted of possession of a stolen firearm in violation of 18 U.S.C. § 922(j), which may be penalized by a statutory maximum of ten years of imprisonment. 18 U.S.C. § 924(a)(2). In sentencing LaFave to the statutory maximum, the district court applied the cross-reference at U.S.S.G. § 2K2.1(c)(1)(A), which calls for the application of U.S.S.G. § 2X1.1 "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense." Although the jury acquitted LaFave of armed bank robbery, the district court found beyond a reasonable doubt that LaFave had participated in the robbery and that he had used a stolen firearm in the commission of that offense.

Under U.S.S.G. § 2X1.1, the base offense level for an "attempt, solicitation, or conspiracy" is that of "the substantive offense." The district court therefore applied U.S.S.G.

§ 2B3.1, which provides a base offense level of 20 for robbery. The district court then added two points for taking the property of a financial institution, five points for brandishing or possessing a firearm, four points for forcing people into the Bank's vault, and one point for a loss in excess of $10,000, for an adjusted offense level of 32. J.A. at 259–61, 275. With a criminal history category of II, the sentencing range was 135 to 168 months. The district court sentenced LaFave to the statutory maximum of 120 months.

The concurrence raises "concerns about the diminution of the jury's role," *infra*, that we believe are unfounded, given the fact that the jury convicted LaFave of possession of a stolen firearm. That the district court then sentenced him to the statutory maximum for that crime simply reflects the full exercise of the court's sentencing power – not the erosion of LaFave's right to a jury trial.

requirement. We will review whether the district court's finding was clearly erroneous under the preponderance of the evidence standard recommended by the Guidelines. *See United States v. Graham,* 275 F.3d 490, 517 & n. 19 (6th Cir.2001) (rejecting the argument "that a higher standard of proof is required simply because the enhancement would significantly increase the defendant's sentence").

From our review of record, the evidence at trial was less than clear with respect to whether the .22–caliber pistol found in La-Fave's possession was the gun used during the bank robbery. At sentencing, the district court cited the "identification of this precise weapon" by Robert Wycoff ("Wycoff"), a Bank customer who had been forced at gunpoint into the vault during the robbery. J.A. at 257. At trial, however, Wycoff testified that the .22–caliber pistol looked familiar, because one of the robbers had "shoved it in my face," but that the robber's gun had "looked grayer." J.A. at 149. Wycoff also testified that he had described the robber's gun to the police as a .48–caliber. J.A. at 150. A Bank employee testified that the .22–caliber pistol "looks like the same kind of gun [as the one used by the robber]," but that the robber's gun "seemed like it was longer than that in the barrel." J.A. at 157 (Roberts Test.). Another Bank employee testified that the robber had used a gun that "looked similar to a 9 millimeter automatic." J.A. at 145 (Brazaski Test.).

LaFave's acquittal of the bank robbery charge suggests that the testimony recounted above was insufficient to prove his guilt beyond a reasonable doubt. The preponderance of the evidence standard used at sentencing, however, requires only that the district court "believe that the existence of a fact is more probable than its nonexistence." *Concrete Pipe & Prods. of Cal., Inc., v. Constr. Laborers Pension Trust for S. Cal.,* 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (quotation omitted). Under this less stringent standard of proof, the witnesses' testimony could support a finding that the .22–caliber pistol was the gun used during the bank robbery.

As for the finding that LaFave actually participated in the bank robbery, the district court explicitly credited the testimony of Mark Gray, an eyewitness who identified LaFave as one of the bank robbers.[2] Amanda Flynn ("Flynn"), the girlfriend of LaFave's roommate, testified that LaFave had planned the robbery in detail with Joshua James Kamptner ("Kamptner") and then spent considerable sums of money in its aftermath. Significantly, although the amount of money stolen from the Bank was never released to the public, J.A. at 129, Flynn stated that she had learned from Kamptner that $13,000 had been obtained from the robbery. J.A. at 219. LaFave now challenges Flynn's credibility, referring us to Kamptner's general denials under oath. We do not ordinarily review a district court's credibility determinations, *United States v. Bearden,* 274 F.3d 1031, 1039 (6th Cir.2001), and now hold that the district court did not commit reversible error.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.

HAYNES, District Judge, concurring.

I concur in the Court's opinion because there is a factual basis for the use of the cross-references. I write separately to express my concerns about the diminution of

---

**2.** J.A. at 185–86 (Gray Test.). Gray saw La-Fave run out of the Bank immediately after

the robbery had been committed. J.A. at 164, 186.

the jury's role when the defendant's sentence was enhanced five-fold for conduct acquitted by the jury.

While not raised or briefed by the parties, I have serious concerns that by utilizing the same legal standard and evidence as the jury, the district court has seriously diminished the jury's role. In *Jones v. United States*, 526 U.S. 227, 247–48, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Supreme Court expressed concerns that "the jury right could be lost not only by gross denial, but by erosion" and that sentencing decisions could lead to "the relative diminution of the jury's significance." The use of the cross-references here undermines the jury's acquittal on the armed robbery charge. The jury's verdict would have yielded a base guideline range of 21 to 27 months, as estimated by the government. The district court's use of cross-references, however, yielded a guideline range of 135 to 168 months, a range beyond the statutory maximum, which was subsequently reduced to 120 months. This use of the cross-references presents a serious concern that sentencing factors are being used as "a tail which wags the dog of the substantive offense." *Apprendi v. New Jersey*, 530 U.S. 466, 495, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).