**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry Randall ROALIN, Defendant–**
**Appellant.**

No. 02–5651.

United States Court of Appeals,
Sixth Circuit.

April 1, 2003.

Before: BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

---

### ORDER

Jerry Randall Roalin appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a grand jury indicted Roalin and others on firearms charges, Roalin pleaded guilty pursuant to a written plea agreement to two counts of aiding and abetting the receipt of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a), and 2, and one count of possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Roalin and the government agreed prior to sentencing that Roalin should be held accountable for no more than seven firearms. Based in part on this stipulation, the district court at sentencing determined that Roalin's total offense level was 21, his criminal history category was VI, and the resulting sentencing guidelines range of imprisonment was 77 to 96 months. Roalin was then sentenced to 77 months in prison and 3 years of supervised release.

Roalin's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether a factual basis existed for the plea, whether Roalin could contest his sentence, and whether the district court wrongfully failed to depart downward. Roalin has not filed a response, despite being advised of his right to do so.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

Counsel first challenges the sufficiency of the factual basis. Evidence is sufficient to support a conviction if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The elements for aiding and abetting are: "(1) an act by a defendant which contributes to the execution of a crime; and (2) the intent to aid in its commission." *United States v. Lowery*, 60 F.3d 1199, 1202 (6th Cir.1995); *see also* 18 U.S.C. § 2. The elements for receiving stolen firearms under § 922(j) are: 1) the receipt or possession of stolen firearms; 2) which moved or were shipped in interstate commerce before or after being stolen; and 3) knowledge or reasonable cause to believe that they were stolen. *See* 18 U.S.C. § 922(j); *United States v. Hodges*, 315 F.3d 794, 799 (7th Cir.2003) (citations omitted). The elements for possessing a firearm as a convicted felon under § 922(g) are: 1) the defendant had a previous felony conviction; 2) the defendant possessed a firearm; and 3) the firearm had traveled in or affected interstate commerce. *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir.1998).

The government's description of the offenses in conjunction with Roalin's admissions provided sufficient evidence. At the plea hearing, the government stated that witnesses "would have testified that on November 28th of 2000 and again on November 29th of 2000, that Mr. Jerry Hardcastle and Mr. David White stole firearms in Smith, Trousdale and Macon Counties in Tennessee and transported them to Al-

len County[, Kentucky] where they were sold to Mr. Roalin" and that the proof would be that "Mr. Roalin knew and had reasonable cause to believe that those weapons were, in fact stolen based on the fact that Mr. Hardcastle and Mr. White are basically thieves, and secondly, that the price he paid for those guns was less than minimal." In response, Roalin admitted that he was a convicted felon, that he knew or had reasonable cause to believe that the guns were stolen, and that he had possessed the firearms. Thus, each element for each offense has been established.

Counsel next raised the issue of whether Roalin's sentence was proper and whether his sentence could be reviewed in light of his failure to raise objections at sentencing.

Where a criminal defendant fails to object below, the defendant must show that the sentencing error was plain before this court may exercise its discretion to correct the error. *See* Fed.R.Crim.P. 52(b); *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998). A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994). No error occurred as Roalin's sentence falls within none of these categories.

Counsel last posits whether the district court wrongfully failed to depart downward. At sentencing, counsel requested a sentence at the low end of the guidelines range, "unless there's any other reason to sentence [Roalin] lower than that." As previously mentioned, the court sentenced Roalin within the range and did not depart downward.

No error occurred. First, we decline to construe counsel's remark as a motion for a downward departure because he did not offer any reason for departing. Second, even if counsel's remark were so construed, the court's failure to depart would not be cognizable on appeal because the district court properly sentenced Roalin and was aware that it had discretion to depart from the guidelines range. *See* 18 U.S.C. § 3742(a); *United States v. Brannon*, 7 F.3d 516, 521–22 (6th Cir.1993); *United States v. Davis*, 919 F.2d 1181, 1187 (6th Cir.1990).

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.